IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHERYL L. HUFF, et al.,

                  Plaintiffs,

  v.                                 1:05-cv-1721-WSD

DEKALB COUNTY, GEORGIA,
et al.,

                  Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion for Class Certification [11]. In the motion, Plaintiffs assert they represent a class of current and former Emergency Medical Bureau Services employees who were merged with the Bureau of Fire Services to form the DeKalb County Fire and Rescue Services.

On June 29, 2005, Plaintiffs Sheryl L. Huff, R. Scott Huff, Timothy A. Guinn, David Miles, Mary Martin and Jackie Craig ("Plaintiffs") filed their Complaint in this action. (Compl. [1].) Plaintiffs bring claims against Defendants DeKalb County and David A. Foster ("Defendants") for (i) alleged violations of Plaintiffs' rights under the Equal Protection Clause of the United States Constitution, pursuant to 42 U.S.C. § 1983; (ii) alleged violations of Plaintiffs'

rights under the Equal Protection Clause of the Georgia Constitution; and (iii) alleged failure to pay overtime wages in violation of the Fair Labor Standards Act. (Id.)  Plaintiffs seek to recover front pay, back pay, emotional distress damages, punitive damages, employment benefits, liquidated damages, expenses of litigation, attorneys' fees and injunctive relief.

Federal Rule of Civil Procedure 23(c)(1)(A) provides:  "When a person sues or is sued as a representative of a class, the court must -- at an early practicable time -- determine by order whether to certify the action as a class action."  Local Rule 23.1(A) further provides:

> (1) Caption.  For all class actions the complaint shall bear next to the style of the case the designation "Complaint -- Class Action."
>
> (2) Class Action Allegations.  Under a separate heading titled "Class Action Allegations", the complaint shall provide [the allegations satisfying the requirements for maintaining a class action under Rule 23]. . . .

L.R. 23.1(A), N.D.Ga.

These rules plainly provide a motion for class certification is proper only when claims are brought in a representative capacity and when a plaintiff satisfies certain enumerated, basic requirements.  Here, Plaintiffs bring claims on behalf of

specified, named individuals, do not purport to bring claims as a representative of a class, fail to style the action as a "Class Action," do not set forth any allegations in the Complaint to satisfy the basic requirements of Rule 23, and do not include a section titled "Class Action Allegations."  Because there are no class allegations before the Court,[1] Plaintiffs' Motion for Class Certification is not proper and the Court is not permitted to certify Plaintiffs' proposed class.  See Fed. R. Civ. P. 23(c)(1)(A); L.R. 23.1(A), N.D.Ga.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Class Certification [11] is **DENIED**.

---

[1] Plaintiffs state that "[u]pon granting the Plaintiffs' Motion for Class Certification by the court, the Plaintiffs will seek to amend their complaint in accordance with Local Rule 23.1."  (Pls.' Mot. for Class Certification at 1 n.1.)  However, the rules require class allegations be asserted prior to the filing of a request to certify a class.  That is, the motion to certify is a request to certify the class alleged in the complaint which the named plaintiffs allege they represent.  Here, there is no class alleged and there is no allegation the individuals named as plaintiffs are acting in a representative capacity; thus, there is no class to certify.  See 7B Wright, Miller & Kane, Federal Practice and Procedure § 1798 (3d ed. 2005).

**SO ORDERED**, this 23rd day of February, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

-4-