IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERYL L. HUFF, R. SCOTT HUFF, TIMOTHY A. GUINN, DAVID MILES, MARY MARTIN, and JACKIE CRAIG,<br><br>Plaintiffs,<br><br>v.<br><br>DEKALB COUNTY, GEORGIA, and, DAVID A. FOSTER, individually & officially in his capacity as Fire Chief of the DeKalb County Fire & Rescue Services,<br><br>Defendants. | 1:05-cv-1721-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Objections to Defendants' Bill of Costs [86] ("Objections"). Plaintiffs object to two kinds of costs claimed by the Defendants. First, they object to copying costs in the amount of $996.54 on the grounds that Defendants have not shown they are entitled to reimbursement of this amount, and because they were incurred for the convenience of the Defendants, they were not necessary and thus not reimbursable. (Obj. [86] at 2.) They also object to deposition costs in the amount of $3,147.95 on the grounds that these

costs also were for the convenience of the Defendants and thus are not allowed as costs under 28 U.S.C. § 1920.  Defendants have not responded to the Objections.

**Discussion**

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1).  The rule "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000).  "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Id. at 1039.  A district court's decision regarding costs is reviewed for abuse of discretion.  Id.

The Court is allowed to assess the following costs under 28 U.S.C. § 1920 including:

- Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

- Fees and disbursements for printing and witnesses; and

- Fees for exemplification and copies of papers necessarily obtained for use in the case.

*<u>Copying costs</u>*

The copies in question were made by DocuPro, Inc. and are described on two invoices attached to the Bill of Costs. [81] Plaintiffs represent, based on their discussion with counsel for the Defendants, that the copying charges Defendants claim are for "copies of documents, already in Defendant's possession, which were produced to Plaintiff's counsel." (Obj. at 4 n. 1.) The DocuPro invoices include charges for Bates labeling, indicating that the costs were incurred in connection with a production of documents in discovery. Plaintiffs claim, however, they were billed separately by DocuPro for their copy of the Defendants' production. Based on the limited and conflicting information available to the Court, coupled with Plaintiffs representation that they were billed directly for copies they received, the Court cannot conclude that these copying expenses are reimbursable and thus they are not allowed.

*Transcription costs*

Plaintiffs next object to costs claimed in connection with depositions taken in the case.  Specifically, Plaintiffs object to costs for expediting deposition transcripts for five witnesses,[1] "evidence reproduction," mini-transcripts, word indices and e-transcripts.  (Obj. at 5.)  Plaintiffs claim all of these costs are "for the convenience of counsel" and not allowable.  The Court's review of the invoices attached to the Bill of Costs indicates that the "evidence reproduction," mini-transcripts, word indices and e-transcripts were included in the cost of transcription and thus did not increase the allowable costs to transcribe depositions.  In the absence of information regarding the basis for requiring  expedited transcription, the Court cannot conclude these were necessary expenses  and the cost to expedite is not allowed.[2]

---

[1] The witnesses were Lori Stanley, Kristen Gozenbach, David Foster, Eddie O'Brien and Scott Anderson.

[2] The Court directs the Defendants to advise Plaintiffs of the amount charged by Janice S. Baker & Associates, Inc. to expedite the transcripts of witnesses listed in footnote 1 above so that Plaintiffs may reduce the amount claimed for transcription services by the cost to expedite these transcripts.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections to Defendants' Bill of Costs [86] are **SUSTAINED IN PART** and **OVERRULED IN PART**. Specifically, copying costs in the amount of $996.54 are not allowed. Transcription costs are allowed, but the total claimed amount of $3,147.95 shall be reduced by the amount charged to expedite transcripts.

**SO ORDERED** this 20th day of April, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE